SullivaN, J.
Debt' by Fletcher against Seeright and one Sloan on a delivery-bond. The declaration contained two counts; one on the bond, the other on the bond setting out the condition. Sloan, the principal obligor, was not taken, and the process as to him, was returned “ not found.” Seeright appeared and craved oyer oí the bond and the condition, and pleaded to each count separately: 1, Non est factum. 2, Fraud generally. 3, A special plea of fraud, alleging that the constable who made the levy and took the bond for the delivery of the property named in said condition, &c., falsely and fraudulently represented to the defendant that the property was to be delivered to the constable on the fifth day of April, 1842, at ten o’clock, A. M., and noton the eighth day of April, as stated in said condition; and that said bond was executed in confidence of said false and fraudulent representations without the same being read to him or read by him; and that he was thereby deceived and prevented from delivering said property on the day named in said *408 condition, to wit, the eighth day of April, &c., wherefore, &c. The plaintiff took issue on the plea of non est factum; to the plea of fraud pleaded in general terms, he replied denying the fraud ; and to the special plea of fraud he filed a general demurrer. The demurrer to the special plea was sustained. Before the trial, the plaintiff asked leave of the Court to suggest breaches, under the first count of his declaration, on the record. The defendant objected, but the Court permitted the plaintiff to do so. The cause was then submitted to a jury. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.
The .first error assigned is that the Court sustained the demurrer to the defendant’s special plea. The demurrer, we think, was correctly sustained.. It does not appear that the defendant was deceived by the representations made to him, or if he was, it is manifest that it was the consequence of his own folly. If the defendant .were an illiterate man, and the bond had been misread to him, he not being able to detect the imposition, the case would have been different. But it appears that he signed the bond without reading it himself, or hearing it read, and with all the means of knowing the truth *in his power, reposed a blind confidence in representations not calculated to deceive a man of ordinary prudence and circumspection. In such a case, the law affords no relief. 2 Stark. Ev., 374.
The second error relied on is that the Court permitted the plaintiff to suggest, on the record, breaches under the first count of his declaration. It was at one time doubted if a suit were brought on a bond with a condition,without settiug out the,condition and suggesting breaches in the declaration,and the plea of non est factum should be put in,whether the plaintiff could, before trial, suggest breaches on the record. It was thought that the statute of 8 & 9 W., 3, did not apply to such a case. Gainsford v. Griffith, 1 Saund. R., 58, note 1. But those doubts have been removed, and it is now settled that it may be done. Ethersey v. Jackson, 8 T. R., 255 ; Homphrey v. Rigby, 2 Chitt. R., 298; 2 Saund. R., 187, note 2.
H. Brown, for the appellant.
W. W. Wick and L. Barbour, for the appellee.
After the breaches were so suggested,the defendant offered to plead to them, and tendered five pleas, but the Court, on motion of the plaintiff, rejected them. To the opinion of the Court rejecting the pleas the defendant excepted. A defendant can not plead to breaches suggested on the record. He may appear and controvert the evidence of the plaintiff in support of them, but the opportunity for pleading has gone by. Gainsford v. Griffith, supra, note 1; Hodgkinson v. Marsden, 2 Camp., 121. In Homphrey v. Rigby, supra, the action was on a bond without stating the condition. The pleas were non est factum and fraud. The plaintiff joined issue, and then proceeded to suggest breaches. After verdict, there was a motion in arrest of judgment, founded on the alleged irregularity of the plaintiff in the suggestion of breaches, and it was argued that, by such a proceeding, the defendant had no opportunity of pleading to the suggestion. The Court said that the defendant never had an opportunity of so pleading in any case where there was a suggestion, and refused the motion.
The appellant also complains of instructions given by the Court to the jury, and of the refusal of the-Court to give certain instructions asked. No part of the evidence is spread upon the record, and we do not know whether there was *any testimony applicable to the instructions refused or not. There is nothing in the instructions given of which the appellant can complain.
Per Curiam.—The judgment is affirmed, with 3 per cent. damages and costs.