SMITHER *v.* CALVERT ET UX.

FRAUD.—*Pleading.*—Where a pretence or representation is alleged to have been made, by which a party insists that he has been induced to enter into a contract, it should appear that the pretence or representation was made to him by the defendant, either directly or through his agent; it is not enough to aver that the representation was made, and that the plaintiff relied upon it.

SAME.—A misrepresentation of the legal effect of the language of a deed is not a ground of action; when the contents of the deed are known to the grantee, he is bound to know the legal effect thereof.

HUSBAND AND WIFE.—Where a husband purchases and pays for land, and in the wife's absence has it deeded to her, she is bound by his acts, if she claims the benefit of the purchase.

SAME.—In such case the wife cannot sue for a fraud practised on her husband to induce him to purchase the land, when she paid no consideration and had no connection with the transaction, except as the grantee in the deed and by virtue of the deed.

From the Hancock Common Pleas.

*J. W. Gordon, T. M. Browne, R. N. Lamb, J. N. Kimball,* and *H. J. Dunbar,* for appellant.

*C. H. Test* and *D. V. Burns,* for appellees.

DOWNEY, C. J.—This action was brought by the appellees against the appellant. The first question presented by the assignment of error is as to the sufficiency of the complaint. It consists of two paragraphs, to each of which a demurrer for want of sufficient facts was filed by the defendant and overruled by the court.

In the first paragraph, it is alleged, *inter alia*, that on the 5th day of September, 1870, at, etc., John McClennin and Peter R. Perrine were land agents in Indianapolis, and were

authorized by the defendant to sell certain real estate of the defendant, which is described in the complaint; that the defendant fraudulently and deceitfully pretended that he owned said land, the same lying in O'Brien county, Iowa; that the defendant, by and through said McClennin and Perrine as agents of the defendant for the sale of said land, falsely and fraudulently represented that he, the said defendant, was the true owner of said land; and the plaintiff, at the time residing in Indianapolis, a long distance from the pretended location of said land, and having no knowledge of the pretended ownership of said land, but wholly relying on the representations of said John McClennin as to the ownership of the same, agreed to and did purchase said land; and said James Calvert, in consideration thereof, paid said defendant one thousand dollars in hats; and by agreement and consent, etc., the defendant was to make to said Amanda W. Calvert, wife of said James Calvert, a good and sufficient warranty deed in fee simple; and the defendant, with his wife, made and executed a deed of conveyance, and left the same with said firm of McClennin & Perrine, to be delivered to said Amanda W. Calvert, who delivered the same to said James Calvert; that, at the time said deed was handed to said James Calvert by said firm, the said Amanda, his wife, not being present and being wholly ignorant of the same, he objected to receiving the same, on the ground that the same was not a warranty deed; that Peter R. Perrine, one of said firm, falsely and fraudulently represented said deed as a good warranty deed and all the kind of deed required in the State of Iowa to convey land; and said plaintiffs being ignorant of the laws of said State of Iowa, and of what is or was necessary to constitute a good and sufficient warranty deed, and having no opportunity to acquaint themselves as to its legal effect, but seeing printed on it in large letters the words " Warrant and Defend," and relying upon the representations of the said Perrine, agent as aforesaid, the said James Calvert accepted and received said deed, believing the same a good and sufficient warranty deed as

agreed upon, which said deed is referred to and marked "Exhibit A" and made part of the complaint. It is then alleged that the defendant did not, at the time of executing said deed, or before or since, own said land, in said deed mentioned, or any part of it, nor had he any claim to or interest in the same or any part thereof; and that said deed is only a quitclaim deed to lands in which the defendant has not now and never had any interest or claim whatever; wherefore the plaintiffs say that they have been greatly cheated and defrauded, and have sustained damages to the amount of two thousand dollars. The deed, a copy of which is filed with the complaint, is a deed of bargain and sale, with covenants against acts done and incumbrances created by the grantors only, and is therefore a deed of limited, but not of general, warranty.

The second paragraph alleges that the defendant, on the 5th day of September, 1870, at, etc., sold to the plaintiffs the said real estate, through the agency of said McClennin and Perrine; that said plaintiffs, believing that said defendant was the owner of said land, paid him one thousand dollars therefor; that at the request of said James Calvert, the said defendant was to execute to said Amanda W. Calvert a good and sufficient warranty deed therefor; that the defendant and his wife executed a deed of conveyance for said lands and left the same with McClennin and Perrine, as his agents, to be delivered to said Amanda; that when the deed was handed to said James, he objected to the same, on the ground that he doubted whether or not it was a good warranty deed, as had been agreed upon, but said Perrine, one of said agents, represented that the same was a warranty deed and all the kind of deed used in Iowa to convey land; that living in the city of Indianapolis many hundred miles from the location of said lands, and being ignorant of the laws of the State of Iowa and unacquainted with the requisites necessary to constitute a warranty deed, and relying upon the representations of said Perrine, and in full confidence and belief that said defendant was the owner of the land so con-

Smither *v.* Calvert *et ux.*

veyed, and supposing said deed was a warranty deed, according to the terms of said agreement, he accepted and received the same. A copy of the deed is made part of this paragraph of the complaint. It is then alleged that the defendant did not, at the time of making said conveyance, own the lands or any part of them, or any interest in the same, and deceitfully and fraudulently concealed such fact from the plaintiffs, well knowing that the plaintiffs were acting in the full confidence and belief that he was the owner; wherefore they say they are injured, and have sustained damage, to the amount of two thousand dollars, and pray judgment therefor, and for other proper relief. The deed referred to in this paragraph is the same as that to which reference is made in the first paragraph.

The first paragraph of the complaint, although it is accompanied by a copy of the deed, is not based on the deed. It was wholly unnecessary to have made the deed or a copy of it part of the paragraph. The cause of action, in this paragraph, is the fraud of the defendant, if there is any sufficient cause of action alleged. It alleges that the defendant "fraudulently and deceitfully pretended that he owned said land." But to whom he thus pretended, is not stated. Again, it is averred "that the defendant, by and through McClennin and Perrine, as agents of the defendant in the sale of said land, falsely and fraudulently represented that he, the said defendant, was the true owner of said land." It is not stated here to whom the representation was made. It is not stated that the plaintiffs relied upon the representations of McClennin and Perrine, which it is alleged were made, but it is stated that he relied upon "the representations of John McClennin as to the ownership of the same." Whether these were the same representations alleged to have been made by the two agents, or other and different representations made by McClennin alone, we are not informed. Where a pretence or representation is alleged to have been made, by which a party insists that he has been induced to enter into a contract, it should appear that the

pretence or representation was made to him by the defendant either directly or indirectly. Addison Torts, 852.

As to the part of the first paragraph relating to the character of the deed, we think there can be no doubt. As we have seen, the deed was a warranty deed, although not a deed of general warranty. It is alleged, in substance, that the plaintiffs stated, when the deed was offered to them, that it was not such a deed as they were entitled to receive, and that they afterward received it upon the representation of one of the agents of the defendant that it was a warranty deed and all the kind of deed required in the State of Iowa to convey lands. We think fraud cannot be predicated upon such a representation. It was such a deed, no doubt, as would convey lands in Iowa. It was not a general warranty deed, and the plaintiffs knew it was not. It showed upon its face just what it was. The plaintiffs had only to read it to learn that it was not a general warranty deed. The allegation of the absence of Amanda W. Calvert is immaterial. James Calvert was the party conducting the transaction for her, intending to vest the title in her. She claims the benefit of what he did and must be bound by his acts in the premises. She paid no consideration. It seems to be settled that a representation with reference to the legal effect of a written instrument cannot be fraudulent in a legal sense. *Clem* v. *The Newcastle, etc., Railroad Co.,* 9 Ind. 488; Chit. Con. 681. A deed may be a warranty deed without containing a general warranty. 3 Washb. Real Prop. 404.

In our opinion, the first paragraph of the complaint is insufficient for the reasons stated, and the demurrer thereto should have been sustained.

The second paragraph, like the first, is not founded on the deed, and we do not perceive any reason for the attempt to make the deed a part of it by filing a copy with it. This paragraph alleges no misrepresentation except as to the character of the deed which was tendered and examined by the plaintiffs. As to that part of the paragraph, we need

say nothing in addition to what was said in disposing of the question as to the sufficiency of the first paragraph. We cannot think that this paragraph was intended to be founded on contract, since the first is clearly founded on an alleged tort, and we must suppose the pleader to have intended to violate a fundamental rule of pleading, that counts or paragraphs in tort and in contract cannot be joined, to authorize us to come to such a conclusion. If the paragraph could be supposed to have been intended as a paragraph on contract, we still think it would be bad; for, although it is alleged that the defendant agreed to make a warranty deed, it is shown that the deed which was accepted was in fact a warranty deed, though not a general warranty deed, and also that it was accepted and received in discharge of the promise, without any such misrepresentation as would avoid the consequences of the acceptance. The particulars of the deceitful and fraudulent concealment, so generally mentioned in the concluding part of this paragraph, should have been more particularly stated. They cannot be pleaded in such general terms.

There is a question not argued by counsel, which relates to both paragraphs of the complaint, and that is, the question whether if fraud was shown to have been practised upon James Calvert in the sale of the lands to him, his wife could maintain an action therefor. She has no connection with the transaction except as the grantee in the deed, and by virtue of the deed. The action, as we have already stated, is not on the deed, but is for the alleged fraud. This, if practised upon any one, was practised upon James Calvert, and not upon Amanda W. Calvert. How, then, can she sue for the fraud?

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the complaint.