DUTTON v. CLAPPER ET AL.

PLEADING.—*Fraud.*—Suit on a promissory note, by the payees against the maker. Answer, admitting the execution of the note, and alleging that it was procured by fraud, in this, that the defendant had purchased of the plaintiffs certain machinery, to be delivered on demand, upon receiving which the defendant was to execute his note, due at a certain period thereafter, for a certain sum; that on, etc., before said machinery had been received, and as the defendant was about starting away upon a train, one of the plaintiffs came to him with a note, and falsely and fraudulently assured him that said note was all right and in accordance with the contract; and the defendant, being hurried, and relying upon said representations, signed said note as of that date; but that the plaintiffs fraudulently and wrongfully ante-dated said note as of a certain date, nearly three months prior to the date on which it was signed, the date it was to bear according to the contract; that as soon as he learned that said note had been so ante-dated, he demanded that it should be changed so as to comply with the contract, which the plaintiffs refused to do; and that they withhold said note. Prayer, that it be adjudged fraudulent, etc.

*Held*, that the answer was bad on demurrer.

From the Morgan Circuit Court.

*C. F. McNutt* and *G. W. Grubbs*, for appellant.
*M. H. Parks* and *A. M. Cunning*, for appellees.

BUSKIRK, J.—The appellees sued the appellant upon a promissory note. The appellant answered in four paragraphs. A demurrer was sustained to the first paragraph, and this ruling is assigned for error.

Issue, trial by jury, verdict for appellees, motion for a new trial overruled, and judgment.

The overruling of the motion for a new trial is assigned for error.

The only question discussed by counsel for appellant under this assignment of error relates to an instruction given and one refused. The instruction given and the one refused present the same question as the one which arises upon the action of the court in sustaining the demurrer to the first paragraph of the answer.

The decision of that question will, therefore, dispose of

all the questions made by counsel for the appellant.  That paragraph admits the execution of the note, but alleges, in substance, that it was procured by fraud, in this, to wit: that appellant had heretofore purchased of the appellees certain machinery, to be delivered upon demand; and upon the reception of the same, the appellant was to execute his note, due six months thereafter, for six hundred and fifty dollars; that on July 28th, 1873, and before the machinery had been received, and as he was about starting away on the train, one of the appellees came to him with a note, and falsely and fraudulently assured him that said note was all right and in accordance with the contract; and appellant, being hurried, and relying upon the representations of appellee, signed said note of that date; but that appellees fraudulently and wrongfully ante-dated said note as of March 1st, 1873, instead of July 28th, the date it was to bear according to contract; that as soon as he learned that said note had been so ante-dated, he demanded that it should be changed so as to comply with the contract, which the appellees have refused to do, and they withhold said note.    Prayer, that it be adjudged fraudulent, etc.

We think the answer is fatally defective.  It shows that the appellant was guilty of such gross negligence as deprives him of the right to complain of false and fraudulent representations on the part of one of the appellees in procuring the execution of the note.    There is no pretence that the appellant was unable to read, or that the note was misread to him, or that any trick was resorted to by which he was prevented from reading it for himself.  He was asked to sign a note when he was about starting away on the train, and, being hurried, he relied upon the representation of one of the appellees that it was all right and according to contract, and signed the note.    According to the averments of the answer, he was under no obligation to execute the note at that time, because the machinery had not been received.  He was under neither moral, legal nor physical coercion, and if deceived, he has no one to blame but him-

self. According to the law as laid down in the well considered case of *Nebeker* v. *Cutsinger*, 48 Ind. 436, the answer is clearly bad, and the ruling of the court below was right.

The judgment is affirmed, with five per cent damages and costs.