Clodfelter v. Hulett.

No. 6811.

## CLODFELTER v. HULETT.

PLEADING.—*Exhibits.*—Exhibits, not the foundation of a pleading. can not be regarded as forming any part thereof.

SAME.—*Practice.*—Filing collateral instruments as exhibits to pleadings is a censurable practice.

CONTRACT.—*Consideration.*—*Release of Surety.*—A. purchased a hardware store from B., executing three promissory notes for part of the purchase-money, payable respectively in one, two and three years. The first two of these notes were secured by mortgage on the store,

Clodfelter *v.* Hulett.

and C. was surety on the third. Afterward D. purchased the store from A., agreeing to pay the note due in one year, and to execute a mortgage to C. to secure the third note; B., without the knowledge of C., delivered to A. the first two notes, and released the mortgage given by A., and agreed with A. to accept a mortgage from D. to secure the third note, and to release C. therefrom as surety.

*Held,* that there was sufficient consideration for B.'s promise to A., to release C. from his undertaking as surety; A. had a right to make the release of his surety an element of consideration in his sale to D., and B.'s agreement to release rests upon a sufficient consideration, whether the promise to release the surety was obtained by D. or A.

SAME.—*Promise for Benefit of Another.*—*Right of Action.*—The promise made by B. to A., for the benefit of C., may be pleaded by C. as a defence, in an action against him as surety upon the note.

SAME.—*Fraudulent Representations.*—Misrepresentation as to the legal effect of a written instrument does not constitute fraud.

SAME.—*Pleading.*—*Exhibits.*—An answer to a complaint upon a written contract, alleging that such contract was obtained by fraudulent representations, is defective, if it does not set up the alleged false representations; and such a defect in pleading will not be aided by the written contract filed with the answer, as such contract is not the foundation of the defence.

SAME.—*Diligence.*—An answer, that a contract sued upon was obtained by misrepresentations of its contents, is not good, if it does not show that the alleged misrepresentations were false, and that the defendant exercised due diligence to guard against fraud.

SAME.—*Excuse for Negligence.*—To excuse want of due care and diligence in such case, the answer must show that there was known trust and confidence between the parties to the contract; and that the relationship of the parties was such as to justify the existence of such trust and confidence.

SAME.—*Presumption.*—Where an agreement is set up by a pleading, and is not alleged to have been in writing, it will be presumed to be verbal.

SAME.—*Verbal Agreement.*—A verbal contemporaneous agreement can not vary the terms of a written contract.

SAME.—*Past Consideration.*—A past consideration will not support a contract.

From the Montgomery Circuit Court.

*J. F. Vaughn, T. E. Ballard, J. Wright* and *J. Sellers,* for appellant.

*G. W. Paul, R. B. F. Peirce, H. C. Hulett* and *J. E. Humphries,* for appellee.

Clodfelter *v.* Hulett.

ELLIOTT, J.—The complaint in this cause is upon a promissory note executed by appellant and another. The appellant answered in several paragraphs, to the third of which a demurrer was sustained; and the ruling which we are first required to examine is that sustaining appellee's demurrer to this paragraph of the answer.

The paragraph under examination alleges substantially these facts: That Noah J. Clodfelter bought from the appellee a hardware store on the 20th of October, 1874; that, as a part of the same transaction, the said Noah executed three promissory notes to appellee, payable in one, two and three years respectively; that two of the said notes were secured by mortgage on the property bought by said Noah J. Clodfelter; that afterward said Noah sold the property to one Bolser; that Bolser agreed to pay the note due in one year, and to execute a mortgage to appellant to secure payment of the note due in three years; that appellee, without the knowledge or consent of the appellant, who was the surety on said note due in three years from date, delivered to Noah J. Clodfelter the two notes due in one and two years from date, and released the mortgage given by Noah J. Clodfelter to the appellee, and agreed with said Noah to accept a mortgage from said Bolser to secure the aforesaid note, due in three years from its date, and to release the appellant from said note; and that "said note is the one now sued on;" and that, when appellant learned of this change, he demanded to be released from said note. The answer makes the written agreement of purchase between appellee and Noah J. Clodfelter, and two of the notes executed by the latter, exhibits; but these exhibits neither lend force to the answer nor impair its strength; for, as the instruments filed as exhibits are not the foundation of the answer, we can not regard them as forming any part of the pleading. The practice of filing collateral instruments as exhibits to pleadings is a vicious and censurable one, tending to break down good

pleading, to encourage indolence in pleading, and breed confusion in judicial proceedings. The practice has often received the merited censure of this court. *Knight* v. *The Flatrock, etc., Co.*, 45 Ind. 134; *Watkins* v. *Brunt*, 53 Ind. 208; *Wilson* v. *Vance*, 55 Ind. 584.

Leaving then, as we must, these exhibits out of consideration, we are to determine whether there are such facts stated as constitute a cause of defence. Enough may, we think, be extracted from the answer to establish these material facts: 1. That the note in suit was one of three given for the purchase of property by appellant's principal from appellee. 2. That, after the execution of the notes, appellant's principal sold the property to a third party, and that it was then agreed by appellee and appellant's principal, that, in consideration of the sale by said Noah and the purchase by such third party, and of his agreement to execute to appellee a mortgage to secure two of the series of three notes, the appellant should be released from his undertaking as surety on the note now in suit. That the material propositions of fact just stated are pleaded, we must conclude, or do violence to the language of the pleading. Confused and obscure as the pleading is in many respects, there is enough pleaded to show the suretyship of appellant, the sale to Bolser and the agreement made between Noah J. Clodfelter and appellee to release the appellant from the note sued on. Upon the last point, the answer from which we quote avers, that "the plaintiff agreed with Noah Clodfelter to accept a mortgage from Bolser to secure the aforesaid notes due in three years from its date, and plaintiff further agreed with said Noah to release the defendant from the said note as surety. Said note is the one now sued on in this action."

The first question of law presented is, whether there was such a consideration for the appellee's promise, made to the principal to release appellant from his undertaking as

surety, as will support the promise. There were at least two elements of consideration : First, the agreement to substitute Bolser's notes for those of Clodfelter, thus making Bolser appellee's debtor instead of Noah Clodfelter ; Second, the agreement to substitute the mortgage of Bolser for that of the original mortgagor. By this arrangement, the appellee secured a new debtor and a different mortgage, and it was for him to judge whether the consideration was an adequate one. The appellant's principal had unquestionably the right to make the release of his surety an element of consideration in his sale to Bolser, and the agreement to release by appellee rests upon a consideration, whether the promise to release the surety was obtained by Bolser or by Noah Clodfelter, the appellant's principal. There was no legal obligation resting upon Noah Clodfelter to sell to Bolser, and the appellee's promise to release the appellant from his contract of suretyship can not, therefore, be said to rest upon Noah's doing, or promising to do, an act which he was already bound to do.

The second of the law questions arising upon this answer is whether the promise to Noah, the principal, can avail Matthias Clodfelter, the surety. Upon this question, there is no room for debate. It has been many times decided that a promise made by one to another, from whom the consideration moves, for the benefit of a third, may be sued on by the party for whose benefit the promise was made. *Raymond* v. *Pritchard*, 24 Ind. 318 ; *Davis* v. *Calloway*, 30 Ind. 112 ; *Josselyn* v. *Edwards*, 57 Ind. 212 ; *Campbell* v. *Patterson*, 58 Ind. 66 ; *Hoffman* v. *Risk*, 58 Ind. 113 ; *Carter* v. *Zenblin*, 68 Ind. 436 ; *Fisher* v. *Wilmoth*, 68 Ind. 449. The reason of the rule applies with peculiar force to the class of cases to which the present belongs.

The appellant argues that the answer is good, for the reason that it shows a change in the original contract ; but, as we regard the answer, it does not properly plead such facts

as bring the case within the rule. The familiar rule, that a change in the contract upon which the security was executed, will release the surety, we fully recognize, but within it we can not bring appellant's answer, without indulging presumptions in favor of the answer which the rules of pleading will not justify, and which we are quite unwilling to do. We do, however, hold the answer good, because it showed a valid agreement to release the appellant from his undertaking as surety.

Cross errors are assigned by the appellee, and, as we have reached the conclusion that the court erred in sustaining the demurrer to the appellant's third paragraph of answer, it becomes necessary for us to examine the questions presented by the appellee's assignment of cross errors. The cross errors are assigned upon the action of the court in overruling demurrers to the first, second and fourth paragraphs of answer.

The first paragraph of the answer attempts to interpose the defence of fraud. The only really material facts properly pleaded are, that the appellee misrepresented the effect of a written instrument, and that the appellant was so old and infirm as to be able to read with the greatest difficulty, and that he did not know the contents or meaning of the instrument ; that he relied upon the representations of the agents of the appellee, and that the agents of the appellee were men in whom he placed great confidence, and were chosen by appellee because he knew that fact. Stripped of the merely formal parts, and putting aside the tautological and irrelevant matter stated, the material propositions of facts which the answer contain are, in substance, those just stated.

This answer was defective in several essential particulars. The substantive charge made by it is, that the appellee misrepresented the legal effect of a written instrument ; that this is so, an examination of the pleading will clearly show. The introductory allegations are, that "plaintiff cunningly caused

Clodfelter *v.* Hulett.

an instrument to be fraudulently worded to defraud defendant, and that the plaintiff fraudulently represented to the defendant that the said writing was a legal contract binding the plaintiff to release the surety on the note as soon as the first payment on certain property should be' made by the appellant's principal.'' The charge contained in the language quoted is certainly the misrepresentation of the legal effect of a written instrument. The other allegations of the pleading do not add force ; for the averment is, that the ''defendant relied wholly on the aforesaid false and fraudulent representations,'' and the only representations characterized as false and fraudulent are those concerning the legal effect of the writing. It has been long and firmly settled that misrepresentation of the legal effect of a written instrument does not constitute fraud. *Smither* v. *Calvert*, 44 Ind. 242 ; *Clem* v. *The Newcastle, etc., R. R. Co.*, 9 Ind. 488 ; *Russell* v. *Branham*, 8 Blackf. 277 ; *Mullen* v. *Beech Grove Driving Park*, 64 Ind. 202.

The answer is bad, because it does not show what the representations denounced as false and fraudulent were. General conclusions of law are stated, and many denunciatory epithets are used, but the facts themselves are lacking. The pleader doubtless intended that the pleading should be aided by the written contract between Noah J. Clodfelter and Hulett, to which we have already referred, which is made an exhibit, but from this paper the pleading can have no support. Fraudulent representations constitute the basis of the answer, and the written contract can not, in any sense, be said to be the foundation of the defence.

The answer does not negative the truth of the alleged fraudulent representations. For aught that appears, the written instrument may have meant precisely what the appellee represented. The exhibit, we again repeat, does not aid the pleading, and there is no proper allegation that the representations were not strictly true. If the answer were

Clodfelter *v.* Hulett.

good in every other respect, it would be fatally defective, because it does not properly show that the representations relied upon were untrue. The use of epithets, however bountifully multiplied, will not supply the place of facts.

If we should, by strained intendment, hold that the answer charges misrepresentation of the contents of the written instrument, we must still hold it insufficient, and for these reasons : 1. Because it does not show that such representations were false. 2. Because there are no facts pleaded, excusing the appellee from diligence. It was his duty, even though he could only read with great difficulty, to have either read, or asked to have another read, the contract to him. There is nothing showing that any trick or artifice was resorted to, for the purpose of preventing the appellant from himself reading the contract or having another read it to him. *Dutton* v. *Clapper*, 53 Ind. 276. It is a fundamental principle, that a man is bound to use ordinary care and diligence to guard against fraud and imposition, and that, if he fails to do so, he can not obtain relief from the courts.

The appellant's counsel argue that the answer makes a case within the rule which obtains in cases where a known trust and confidence exist, and refer us to the case of *Peter* v. *Wright*, 6 Ind. 183. The facts pleaded are very far from bringing the case within the rule, for, from them, it appears that the persons who were sent to the defendant came as the agents of the party with whom he was dealing, and that there was no concealment of this fact; this being so, the parties were at arms-length, and the appellant must have exercised care and diligence in dealing with them, and had no right to act in blind confidence. To bring a case within the rule insisted upon by appellant, the facts must show, not only that there was known trust and confidence, but that the relationship of the parties was such as to justify the existence of such trust and confidence. To put the same doctrine in other words, not only must such known trust and confidence

exist, but the case must be one where the facts establish its existence from the relationship and situation of the parties.

In any view that can be taken of this paragraph, the conclusion must be, that it does not state such facts as constitute fraud, and the demurrer ought, therefore, to have been sustained.

The second paragraph of the answer alleges that the appellant executed the note as surety for Noah Clodfelter, and then proceeds as follows : ''The plaintiff, in consideration that the defendant would execute the note as surety, agreed with the defendant that he should be released from said note as soon as the first annual payment should be made on a hardware store which Noah Clodfelter had bought of the plaintiff,'' and concludes with the allegation that the annual payment referred to was duly paid. This paragraph is clearly bad, for the reason that it sets up a verbal contemporaneous agreement, for the purpose of contradicting a written agreement. As the agreement is not alleged to have been in writing, we must presume that it was verbal. The verbal agreement contradicts the writing quite as much as it would do were the surety's contract set out at full length and in express terms. *McDonald* v. *Elfes*, 61 Ind. 279.

The fourth paragraph of the answer was good. This paragraph alleged that the principal had fully paid to the appellee all the consideration which he had agreed to yield him ; that, as part of the agreed consideration, the note in suit had been, long before its signing by the appellant, delivered to and accepted by the appellee ; that the appellant signed said note at the solicitation of appellee, and that no consideration passed to him. The allegations of the pleading, when taken together, fairly show that the note was executed upon a past consideration, and that no new consideration moved to either the appellant or his principal. It is unnecessary to cite authorities upon the elementary proposition, that a past consideration will not support a contract.

This familiar principle was applied in the case of *Starr* v. *Earle*, 43 Ind. 478, to the express written promise of one to pay the existing debt of another. The case of *Crossan* v. *May*, 68 Ind. 242, exactly fits the present, and under the doctrine declared in that case, as well as upon elementary principles, the paragraph of answer we are considering was rightly upheld by the court below.

The judgment is reversed, with instructions to overrule the demurrer to the third paragraph of the answer, and to sustain the demurrers of appellee to the first and second paragraphs of appellant's answer, and with further instructions to render judgment against each party for one-half of the costs accrued since the commission of the first error.

## UPON PETITION FOR A REHEARING.

ELLIOTT, J.—Appellee has filed a petition for a rehearing, insisting that we erred in holding the third paragraph of the answer to be good.

Counsel assert that we held that an answer by a surety, showing an agreement to release him upon the execution of a mortgage to the creditor by the principal, was good without showing an execution or tender of the mortgage. We neither held, nor meant to hold, any such thing. The question was not presented. Counsel misunderstand both the answer and the opinion. The answer does not present, or profess to present, the question of an agreement for the execution of a mortgage by the principal as a consideration for an agreement to release the surety.

The case, so far as this precise point is concerned, which is made by the answer, and by the demurrer confessed to be true, is briefly this: That Noah J. Clodfelter, the principal, agreed, in consideration of the appellee's promise to release his surety, to sell the property for which the note in suit was given; that he did sell it, and that, after such sale,

two of the notes of the series to which that in suit belonged, were delivered by the appellee to appellant's principal. There was no agreement by appellant's principal to himself execute a mortgage, nor was there any undertaking on his part that Bolser, the purchaser, should execute a mortgage. The answer is loosely drawn and would well bear amendment, but there is enough to show the agreement to sell to Bolser, the sale and the consideration of the agreement to sell. Performance on the part of the appellant's principal is shown, and acceptance of that performance is plainly shown by the fact, that the appellee delivered to Noah J. Clodfelter two of the notes executed to him in payment for the property at the time of the purchase by the said Noah. When it was shown, as it was, that the appellant's principal had performed his part of the contract, enough was shown to entitle the surety to successfully insist upon the enforcement of the agreement to release.

The case made by the answer is entirely unlike those cited by the appellee. The authorities which he cites declare and enforce an every-day familiar rule, which no lawyer would think of disputing, but they have not the remotest application to the case in hand. Noah J. Clodfelter had fully performed. It was not in his power to compel Bolser to execute to Hulett a mortgage ; neither had he undertaken to do so ; but it was in the power of the latter to enforce his right against Bolser. By the agreement, a legal right, capable of enforcement by Hulett, and properly by him alone, was transferred to and vested in him. It was held in *Love* v. *Miller*, 53 Ind. 294, that, where a broker procured a contract which was mutually obligatory upon vendor and vendee, he was entitled to his commission. The case proceeds upon the ground that where the party is secured a legal right, capable of enforcement, all was done that the broker was bound to do. There is strong reason for applying this general principle to such a case as the present. Here the principal debtor stipulated for his surety's release, and the

creditor acceded to the stipulation, partly performed the contract, and thus obtained a full legal right against the party whom he had agreed to accept as his debtor, in lieu of those originally bound. The principal debtor had done all that he agreed to do, and the creditor got all he had asked as a consideration for the release of the surety. *Downey* v. *Hinchman*, 25 Ind. 453.

The consideration of Hulett's agreement to release the surety was not solely the promise of Bolser to execute the mortgage; it was the sale by the principal debtor. When the sale was made by the latter and completed, so far as it was in his power to complete it, there was full performance, and from that moment the contract for the release of the surety became effective.

The promise of Bolser, made in the tripartite agreement, gave the appellee a complete right of action. If Bolser refused to execute the mortgage as agreed, then the appellee would have an immediate right of action for the recovery of money. It is a familiar rule, that where a party is entitled to time in which to make payment, upon executing a mortgage or other security, his refusal to execute the security will give the creditor an immediate right of action. *Hays* v. *Weatherman*, 14 Ind. 341; *Mason* v. *Toner*, 6 Ind. 328.

As indicated in the original opinion, there was no obligation resting upon appellant's principal to sell, and if he executed, as a consideration of such sale, a promise to release his surety, and the appellee acceded to his demand, and gave the promise demanded, he is bound thereby, even though Bolser, Noah Clodfelter's vendee, may not have done what he agreed to do.

We are not now dealing with the question whether the answer is or is not faulty for uncertainty. That question can not, in a case like this, be presented by a demurrer; it must be done by motion to make more certain.

Petition overruled.