No. 6743.

### AMERICAN INSURANCE COMPANY *v.* McWHORTER.

CONTRACT.—*Signed without Reading.*—*Misrepresentation of Contents.*—The law affords no relief to one who, able to read, signs a contract without reading it, reposing a blind confidence in representations of another, whose interest is adverse, as to the contents of the instrument.

SAME.—*Pleading.*—*Insurance Note.*—A plea, setting up such misrepresentations as a defence to a note given for an insurance premium, is not made good by the averment that the company never delivered a policy to the defendant, and that he had never seen any policy of insurance issued to him.

SAME.—*Insurance.*—*Agreement by Agent to Issue Policy a Good Consideration.*— *Promissory Note.*—The agreement of an insurance company, through its agent, to issue a policy, is binding on the company, and is a sufficient consideration for a note given for a premium.

From the Marion Circuit Court.

*V. Carter* and *W. H. Ripley,* for appellant.

*A. G. Porter* and *G. T. Porter,* for appellee.

WOODS, J.—Action by the appellant against the appellee upon the following promissory note:

"$44.00.   For value received in Policy No. 121,504, dated the 8th day of April, 1873, issued by the American Insurance Company, of Chicago, Illinois, I promise to pay said company the sum of eleven dollars on the first day of April, 1874, and eleven dollars on the first day of April, 1875, and eleven dollars on the first day of April, 1876, and eleven dollars on the first day of April, 1877.

(Signed)                "WILLIAM McWHORTER."

The appellee answered by a single paragraph, substantially as follows:

That the note was obtained by false representations of the plaintiff, relied on by the defendant, in this, to wit:   On the 8th day of April, 1873, the plaintiff, by its agents, did solicit the defendant to insure in said company for five years, as the plaintiff had many times, by her agent, theretofore done; the

defendant refused to insure for said term, but after much solicitation did agree to insure for the period of one year, and for one year's insurance did then and there execute, in the usual and ordinary form, his promissory note for eleven dollars, dated April 8th, 1873, and payable July 1st, 1873 ; and the plaintiff did then and there, by her agent, who conducted the business, represent to the defendant that this was the only note or instrument for the payment of money required of him, and did further represent that the only other instrument by him signed was an application for a policy, which was to be forwarded to the company ; that the plaintiff, *in the manner aforesaid*, did represent to the defendant that the application was for insurance for the term of one year ; and that no other premium would be required of him than that charged for one year's insurance, to wit, eleven dollars ; that the defendant was at the time engaged in the labor of whitewashing, and did not read the instrument by him signed, but relied entirely upon the representations and statements of the plaintiff's agent ; that the one instrument which he signed was a promissory note for eleven dollars, and the other an application for a policy, and not an instrument promising to pay money ; that the plaintiff well knew that the defendant was insuring for one year only, and had agreed to insure for that term only, and believed the representation that the instrument signed by him was an application for a policy of insurance, and not a promise or agreement to pay money.

That he paid the note dated April 8th, 1873, and payable July 1st, 1873, fully believing at the time that it was the only note or promise to pay money which the company held or claimed to hold against him ; that the company never delivered to him a policy of insurance for one year, nor for any period, and he has never seen any policy of insurance issued in his name by said company.

The court overruled a demurrer for want of facts to this answer, and the appellant has saved an exception to the ruling.

We are constrained to hold that the court erred in overruling the demurrer to the answer. *Seeright* v. *Fletcher,* 6 Blackf. 380; *May* v. *Johnson,* 3 Ind. 449; *Rogers* v. *Place,* 29 Ind. 577; *Nebeker* v. *Cutsinger,* 48 Ind. 436; *Dutton* v. *Clapper,* 53 Ind. 276; *Clodfelter* v. *Hulett,* 72 Ind. 137.

As was said in *Seeright* v. *Fletcher,* so it may be said here: "It does not appear that the defendant was deceived by the representations made to him, or if he was, it is manifest that it was the consequence of his own folly. If the defendant were an illiterate man, and the bond had been misread to him, he not being able to detect the imposition, the case would have been different. But it appears that he signed the bond without reading it himself, or hearing it read, and with all the means of knowing the truth in his power, reposed a blind confidence in representations not calculated to deceive a man of ordinary prudence and circumspection. In such a case the law affords no relief."

The averment that the company never delivered a policy of insurance to him, and that he has never seen any policy of insurance, issued to him by the company, does not make the answer good as a plea of no consideration. It does not deny that a policy was issued for his benefit, and the proof showed that it was left with his wife in the defendant's absence. Besides, the agreement of the company, through her agent, to issue the policy, was binding upon the company, and was a sufficient consideration for the note. *American, etc., Ins. Co.* v. *Patterson,* 28 Ind. 17; Flanders on Insurance, 130–135; May on Ins. 42; Wood on Ins. 10, *et passim.*

Judgment reversed, with costs.

ELLIOTT, C. J., did not participate in this decision.