Williamson *v.* Hitner.

No. 8839.

WILLIAMSON *v.* HITNER.

CONTRACT.—*Assignment of Tax Certificate.*—*Pleading.*—*Mistake of Law.*—The complaint averred a purchase by the defendant of land at a tax sale and the receipt by him of a proper certificate of purchase, which he sold and delivered to W., and agreed to transfer to him by valid assignment; that an assignment was written but never acknowledged; that W. received a tax deed upon it, and then conveyed to the plaintiff, who, finding the tax sale to be a nullity, desires to apply to the county board to refund the purchase-money, but is prevented by the defective assignment, and that the defendant refuses to acknowledge the assignment.

*Held,* that the complaint is bad on demurrer, the mistake being one of law as to the legal effect of a written instrument.

SAME.—Where a party gets all he knowingly contracts for, no action lies, although that which he gets turns out to be of much less value than he supposed it to possess.

From the Spencer Circuit Court.

*C. H. Mason,* for appellant.

*C. L. Wedding,* for appellee.

ELLIOTT, C. J.—The appellant was the plaintiff below, and in his complaint alleges that on the 6th day of February, 1871, the appellee bought at a tax sale, made by the auditor of Spencer county, a tract of land, and received the proper certificate of sale; that on the 14th day of May, 1873, he sold and delivered the certificate to one Logan Williamson and agreed to make a valid assignment thereof to him; that an assignment was written upon the certificate, but was not acknowledged as the statute requires; that afterwards Logan Williamson received a deed from the auditor, and on the 14th day of October, 1873, assigned and conveyed all his right and title to the appellant; that the certificate was a nullity because of the misdescription of the property; that the appellant, believing the sale to be invalid, desires to apply to the county commissioners to refund the amount paid, but that the defective assignment prevents him from successfully pressing such claim, and that the appellee refuses to acknowledge the assignment.

It is clear that no cause of action is stated in the complaint. It is evident that the parties were mistaken as to the legal effect of the assignment. Not only did they believe it to be valid, but this opinion is affirmatively shown to have been shared by the officer charged with the duty of issuing tax certificates and deeds. There was no fraud, no warranty, not even a representation. All that can be said is, that there was a mistake as to the legal effect of an instrument. It is a rudimental principle, that damages can not be recovered where the loss results from a pure mistake as to the legal effect of an instrument.

The negligence of appellant is a bar to a recovery. One who signs or receives an instrument must, in cases where there is no fiduciary relation existing, show that he used ordinary diligence in inquiring into and ascertaining the character of the instrument signed or received by him. *American Ins. Co.* v. *McWhorter*, 78 Ind. 136; *Clodfelter* v. *Hulett*, 72 Ind. 137; *Dutton* v. *Clapper*, 53 Ind. 276. It is the duty of persons entering into contracts to exercise ordinary diligence and prudence, and if they omit this they can not receive aid from the courts. *Beaver* v. *Trittipo*, 24 Ind. 41; *First National Bank, etc.*, v. *Gough*, 61 Ind. 147.

Where a party gets all he knowingly contracted for, no action lies, although that which he gets turns out to be of much less value than he supposed it to possess. The assignment secured to appellant all that the contract between him and the appellee contemplated that he should get, and he is therefore not in a situation to maintain this action. All that the appellant asked, and all that the appellee agreed to secure to him, was a deed, and, as the appellant secured this, he has no just ground of complaint, although it did not yield him all the benefit he anticipated.

Judgment affirmed.