Filed Sept. 25, 1884.

---

No. 11,508.

Fry v. Day et al.

FRAUD.—*Pleading.*—Fraud can not be pleaded generally, but the facts must be alleged.

SAME.—*Misrepresentation in Execution of Lease.*—Fraud in procuring the execution of a lease is not sufficiently shown by an answer merely alleging that the plaintiff deceitfully, and to defraud the defendant, represented that it was in effect merely a receipt, and the defendant, not knowing its legal effect, signed it.

LANDLORD AND TENANT.—*Holding Over.—Suit for Possession.—Complaint.—Lease.—Justice of the Peace.*—A complaint against a tenant holding over, to recover possession and damages, before a justice of the peace, which avers a lease for a definite time, and that it has expired, and that the defendant refuses to surrender possession, sufficiently shows an unlawful detention of the premises, to be good after verdict.

From the Superior Court of Marion County.

*W. C. Lamb* and *I. Klingensmith,* for appellant.

*W. D. Bynum* and *A. T. Beck,* for appellees.

FRANKLIN, C.—This is an action by appellees against appellant as a tenant holding over, for the possession of real estate and for the rents of the premises.

The action was commenced before a justice of the peace, and by the appellant appealed to the superior court, which court, at special term, decided against appellant, when she appealed to the general term thereof, wherein the judgment of the special term was affirmed.

The only error properly assigned in this court is the affirmance by the general term of the judgment of the special term.

The errors assigned in the general term were:

1st. Sustaining demurrer to second paragraph of answer.

2d. Sustaining demurrer to third paragraph of answer.

3d. Overruling motion for a new trial.

4th. The complaint does not state facts sufficient.

The substantial part of the second paragraph of the answer reads as follows: " That she admits the signing of the pretended written instrument mentioned and set out in plaintiffs' complaint, but she says the same was procured from her by the plaintiffs herein by fraud and deceit, and for the purpose of cheating and defrauding her."

Fraud can not be pleaded in this general way, but in order to be a sufficient pleading the facts constituting the fraud must be set forth. *Hess* v. *Young,* 59 Ind. 379; *Over* v. *Hetherington,* 66 Ind. 365; *Clodfelter* v. *Hulett,* 72 Ind. 137; *Hardy* v. *Brier,* 91 Ind. 91.

This paragraph was fatally defective, and there was no error in sustaining the demurrer to it.

The pleader, in the third paragraph, undertook to state the facts constituting the alleged fraud, in the following language: " That the plaintiff Thomas C. Day, acting for himself and his co-plaintiff, exhibited to the defendant the instrument in writing mentioned in their complaint, and did then and there deceitfully and fraudulently, and for the purpose of defrauding this defendant out of her rights, in her tenancy in said property, represent to her that said instrument so exhibited was nothing but a receipt in effect and legal import, and this defendant not being advised or acquainted with the legal effect or import of said instrument," etc.

This paragraph does not allege that the defendant could not or did not read the instrument, or that it was incorrectly read to her, or that she did not, at the time of signing the lease sued upon, fully know its contents, but it is only al-

leged that appellee Day at the time misrepresented to her the legal effect of the lease.

It is well settled that misrepresentations of the legal effect of a written instrument do not constitute fraud. *Mullen* v. *Beech Grove, etc., Park*, 64 Ind. 202; *Burt* v. *Bowles*, 69 Ind. 1; *Clodfelter* v. *Hulett, supra.*

This paragraph of answer was also bad, and there was no error in sustaining the demurrer to it.

Under the motion for a new trial, appellant, in her brief, insists that the court erred in refusing to admit certain testimony in relation to false representations about the legal effect of the lease sued upon.

If such representations could not constitute fraud in the pleading, after it was demurred out, they did not tend to constitute a defence to the action. Fraud must be pleaded and proved in order to constitute a defence; it is never presumed. But it is insisted that the testimony was admissible under the general denial. That was not sworn to, and the execution of the instrument was not put in issue, nor was the manner of its execution. But if there had been a good answer of fraud pleaded, under which the testimony could have been admitted, the testimony offered, if admitted, would not have tended to prove fraud in law, and the defendant could not have been harmed by its rejection.

Preceding the offer to introduce the testimony on the misrepresentations of the legal effect of the lease, defendant's counsel offered to prove by defendant that prior to the execution of the lease sued upon defendant had held the same as tenant without day, at a certain rent per month, and that no notice had been served on her to quit. This testimony was wholly immaterial; it made no difference how she held the premises before the execution of the lease sued upon. There was no available error in excluding that evidence.

Subsequently, during the introduction of the evidence, the defendant was permitted to prove the misrepresentations of

the legal effect of the instrument by her own testimony, which cured any supposable error in its former exclusion; and in her said evidence she testified that Mr. Day read the lease to her, and handed it to her to read; that she could read; read the first half of it and glanced over the balance.

There are other questions stated in the motion for a new trial, and referred to in appellant's brief, in relation to the rejection of testimony, but they are mixed up in a confused way in the brief of appellant, without any indication therein as to where they can be found in the record. The brief is not in compliance with Rule 19 of this court, and we decline further to search after these questions. No other reasons stated in the motion for a new trial, than those in relation to the admission and rejection of testimony, are insisted upon by appellant in her brief, and as to them we find no available error.

In the assignment of errors in the general term of the court below, there was a specification that the complaint did not state facts sufficient to constitute a cause of action. The same specification is re-made in this court. There was no objection made to the complaint in the special term of the court below. The objection now urged against the complaint is that it does not contain any allegation that the defendant unlawfully held over, or that the holding of the defendant was unlawful.

The facts alleged in the complaint show that defendant leased of plaintiffs for one month the property described; that the lease had expired, and that defendant refused to surrender possession to the plaintiffs, and plaintiffs asked for judgment for possession, and damages for the unlawful detention of the premises.

The 5225th section of the R. S. 1881, under which this suit was commenced, reads as follows: " Whenever, in pursuance of legal notice, or otherwise, any landlord or his legal representatives shall be entitled to possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over removed from such lands, on complaint be-

fore a justice of the peace of the county in which such lands lie, specifying the matters relied on to justify such removal and the damages claimed for detention, describing the premises with reasonable certainty." The 5213th section of the same statute provides that, " Where the landlord agrees with the tenant to rent the premises to him for a specified period of time, * * * no notice to quit shall be necessary."

It will be observed that the allegation in the statute, "unlawfully hold over," is a conclusion of law based upon facts, and when such facts exist, the statute requires the complaining party before a justice of the peace, to " specify the matters relied on to justify such removal and the damages claimed for detention." This statute, in accordance with the general practice, requires the facts and not conclusions of law to be pleaded. The facts pleaded show a holding over under such circumstances as will make the holding over unlawful, and whether it was unlawful or not was purely a question of law, that necessarily accompanies such holding over without being averred. But the complaint does aver an unlawful detention for which damages are claimed. To unlawfully detain is so near synonymous with unlawfully hold over, as to be a sufficient substitution of words to comply with the spirit of the statute, if such allegation should be held necessary.

Before a justice of the peace, technical rules of pleading are not enforced. And this complaint was certainly sufficient to inform the defendant of the nature of the action, and bar another action for the same cause. And according to the rules applied to the practice before justices of the peace, we think the complaint was sufficient, especially when the objection is first raised after verdict and judgment in the case.

In the case of *Alford* v. *Baker*, 53 Ind. 279, this court, adopting the language of a former decision, says: "After verdict the court will support the declaration by every legal intendment, if there is nothing material on record to prevent it. Where a fact must necessarily have been proved at a trial to justify the verdict, and the declaration omits to

state it, the defect is cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend the proof." See, also, the cases of *Indianapolis, etc., R. R. Co.* v. *McCaffery*, 72 Ind. 294, and *Lovely* v. *Speisshoffer*, 85 Ind. 454.

We think this objection is too late, and not well taken if it had been made in time. We find no error in this record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below, in general term, be and the same is in all things affirmed, with costs.

