No. 16,608.

## FIDELITY AND CASUALTY COMPANY OF NEW YORK *v.* TETER.

ACCIDENT INSURANCE.—*Construction of Policy.*—*What Accidents Come Within Its Provisions.*— *Condition.*— An accident insurance policy contained the following provisions: "The Fidelity and Casualty Company, of New York, insures the legal holder hereof against accidental injuries received within thirty days from the day and hour registered hereon, as follows: * * * $5,000, in case of death, payable to the beneficiary named hereon, subject, always, to the conditions indorsed hereon. * * * Condition 1. This covers the assured only against the hazard of travel as a passenger on a public conveyance provided by a common carrier within the United States or Canada." The assured died from injuries sustained in falling from the hay-loft of a livery barn in San Antonio, Texas. Is such an accident within the provisions of the policy?

*Held*, that such accident does not come within the provisions of the policy, the meaning of the insuring clause and the condition, when construed together, clearly being that the company insured against accidental injuries arising only from the hazard of travel as a passenger on a public conveyance provided by a common carrier within the United States or Canada.

SAME.—*Soliciting Agent.*—*Representations of.*— *When Does Not Control Stipulations in Policy.*—An erroneous construction of the force and effect of a contract of insurance, as made and stated by the soliciting agent to the applicant, does not control the proper and legal construction of the contract, unless the representations made by the agent are within the apparent scope of his authority.

CONTRACT.—*Rules of Construction.*—Where the language of a contract is free from ambiguity, its terms will prevail, unless, by mistake, they employ words not intended, or omit words intended to have been employed, or the complaining party has been put off his guard, and has omitted to read the contract, by the fraud or concealment of the other party; and where the contract is doubtful or ambiguous, the construction placed thereon by the parties is influential in determining the construction to be applied by the courts.

From the Clinton Circuit Court.

*F. M. Finch* and *J. A. Finch,* for appellant.
*R. W. Irwin* and *J. V. Kent,* for appellee.

HACKNEY, J.—The questions arising upon the record in this case involve the construction of a policy of insurance issued by the appellant to one George Teter, and payable to the appellee. The policy provides for losses of eight degrees, from a temporary disability to the loss of life.

In those features upon which the parties differ in their construction, the policy is as follows:

"The Fidelity and Casualty Co., of New York, insures the legal holder hereof against accidental injuries received within thirty days from the day and hour registered hereon, as follows: * * * $5,000, in case of death, payable to the beneficiary named hereon, subject always to the conditions indorsed hereon. * * * Conditions: 1. This covers the assured only against the hazard of travel as a passenger on a public conveyance provided by a common carrier, within the United States or Canada."

The assured lost his life as the result of injuries sustained in falling from the hay loft of a livery barn, in San Antonio, Texas. Is such an accident within the provisions of this policy?

The appellant claims that the injuries insured against are such only as are sustained while traveling as the passenger of a common carrier. The appellee insists, that the insuring clause of the policy—that preceding the conditions—is general, and in no manner limits the classes of accidents insured against; that the condition stated had only the effect to require the assured, if he should travel during the continuance of the policy, to travel as a passenger on a public conveyance, and that any other reasonable construction of the condition would bring conflict between its terms and those of the insuring clause, and thereby render the policy ambiguous, in

which event, under the rules of construction, that interpretation should be given it which would be most favorable to the assured.

Our duty is to determine what was the contract of the parties, and in doing so we must first look to the instrument in all of its parts, and we are not at liberty to accept one of its provisions to the exclusion of another which may reasonably stand with it, nor can we add to or subtract from its words when those employed may, by any reasonable and consistent construction, constitute a rational contract.

We agree with appellee's counsel, that the policy could have been so written as to more clearly express an intention to insure against such accidents as were incident to the traveling of passengers on public conveyances, but, we think we may safely say that it is the experience of mankind that brevity in all contracts is one of the first demands of our age. That which gave rise to the rule of construction, that ambiguous, involved, and latent provisions in policies of insurance should be construed most strongly against the insurer was the unreasonable length, complicated provisions and hidden reservations of such policies, by which the insurer obtained advantages not known to the assured.

The policy before us is a model of brevity, and we think there is nothing in its provisions that one of ordinary understanding would not readily comprehend.

The first clause, that which we have designated as the insuring clause, insures "against accidental injuries," during a certain period and in certain amounts, but "subject always to the conditions indorsed."

The first condition indorsed defines the "accidental injuries" against which insurance is granted, not in doubtful, latent, ambiguous, or involved language. It is as follows:    "This covers the insured only against the

hazard of travel as a passenger on a public conveyance, provided by a common carrier within the United States or Canada.''

Treating this condition as a part of the contract, as we must, and we find that the hazard insured against was *only* that ''of travel as a passenger.'' Considering the insuring clause and the condition together, their proper and necessary meaning is that the company insured against accidental injuries arising only from the hazard of travel as a passenger on a public conveyance provided by a common carrier within the United States or Canada.

Finding no ambiguity in the provisions of the policy we are not called upon to apply the rules urged by appellee's able counsel. The circuit court, having accepted the theory of the appellee in construing the policy, was in error in overruling the appellant's demurrer to the first and amended fourth paragraphs of complaint.

One further question remains for decision, and that is as to the effect of the representations of the appellant's agent, at and before the time of issuing said policy of insurance, with reference to the hazards covered by and insured against in said policy.

It was alleged in the appellant's fourth paragraph of answer, that said George Teter, with knowledge of said limiting clause in said policy, applied to the appellant's agent for said policy and said agent explained to him that it did not cover accidents received while the holder was not a passenger on a public conveyance, and with such understanding said Teter purchased said insurance.

The appellee, in her amended sixth paragraph of complaint, alleged that ''a few days prior to the issuing of the policy aforesaid, the said George Teter informed one John Merchant, who was then and there the general agent for the defendant, at Sheridan, Indiana, that he,

Teter, was contemplating a journey by railroad with the view of taking a car load of stallion horses to market and of selling the same, and asked the said Merchant if the accident insurance policy, issued by him in behalf of the defendant, would fully cover all accidents happening to him, Teter, while caring for and selling said horses, as well as while traveling by public conveyance. And said Merchant represented and told him, Teter, that said policy would fully insure him against all accidental injuries received by him, within the specified time, both while traveling on the railroad and while caring for and disposing of said horses. And thereupon it was agreed between said Merchant and Teter that the said Teter would take a policy covering a period of thirty days, which was to be afterwards furnished by said Merchant in behalf of the defendant at such time as the said Teter should request, and that said policy should be so construed as to insure the said Teter against all accidental injuries received by him within thirty days from the issuing thereof and happening to him either while traveling on a public conveyance or while caring for and selling said horses; that in pursuance of said agreement the said Merchant, in behalf of and as agent for the defendant, did issue the policy as aforesaid, on the 28th day of January, 1891, and upon the faith of said agreement the said George Teter accepted said policy and paid the said premium of three dollars to said Merchant. And, relying upon the validity of said agreement, as to the construction of said policy, the said George Teter, on the day last above mentioned, in charge of a car load of stallion horses, started on said journey,'' etc.

The sufficiency of said amended sixth paragraph of complaint is raised upon an assignment of cross-errors.

It is difficult, if not impossible, to reconcile the contention that the answer, which pleads the construction of

the contract by the appellant's agent, communicated to the appellee's decedent, is insufficient, and the insistence that the complaint is sufficient in alleging a construction of the contract by the appellant's agent, communicated to the appellee's decedent, the construction in each instance being alleged to have entered into, and formed a part of, the contract. The theory upon which it is urged that either is sufficient, is that a construction of the contract made and acted upon by the parties will be adopted by the court. If the theory is applicable to the construction insisted upon in support of the amended sixth paragraph of the complaint, we are not satisfied that it would not be applicable to the fourth paragraph of answer.

The circuit court was consistent in rejecting this theory in its application to both the complaint and the answer, and in its action we find no error.

The rule that the construction which the parties place upon their contracts is influential in determining the construction to be applied by the courts to such contracts is not of universal application. Its application is most frequent, and is always valuable where the contract is doubtful or ambiguous. *City of Vincennes* v. *Citizens Gas, etc., Co.*, 132 Ind. 114; *The Olds Wagon Works* v. *Coombs*, 124 Ind. 62; *Ingle* v. *Norrington*, 126 Ind. 174; *Louisville, etc., R. W. Co.* v. *Reynolds*, 118 Ind. 170; *Cravens* v. *Eagle, etc., Co.*, 120 Ind. 6; *Vinton* v. *Baldwin*, 95 Ind. 433; *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347, and other decisions of this court support this proposition.

But, as said in *The Olds Wagon Works* v. *Coombs, supra:* "In interpreting a contract the language employed therein is the exclusive medium through which to ascertain its meaning; but in case the terms employed are ambiguous or susceptible of more than one meaning,

the situation of the parties and the circumstances under which the contract was made may become a proper subject of inquiry in order to arrive at the sense in which the language was employed.''

We do not say that in every instance where the language is free from ambiguity its terms shall prevail, for to so hold would ignore that other rule that contracts may be made to speak the mutual intention of the parties where, by mistake, they employ words not intended, or omit words intended to have been employed.

It is sufficient to say that this case, upon the paragraphs under consideration, does not come within either rule. The difference between the parties before us is upon the proper construction of a contract not alleged to contain any provision or to omit any provision contrary to the intention of the parties. As we have already said, the contract is free from ambiguity and is susceptible of construction by the court without the aid of extrinsic facts. Its language is clear, positive, and within the comprehension of a man of ordinary intelligence. With such contracts, the parties are bound by their contents, and are presumed to have acted with full knowledge of their proper construction. *Seeright* v. *Fletcher*, 6 Blackf. 380; *Gatling* v. *Newell*, 9 Ind. 572; *Rogers* v. *Place*, 29 Ind. 577; *Bacon* v. *Markley*, 46 Ind. 116; *American Ins. Co.* v. *McWhorter*, 78 Ind. 136; *Robinson* v. *Glass*, 94 Ind. 211; *Miller* v. *Powers*, 119 Ind. 79.

This rule is subject to the further exception that the complaining party has not been put off his guard, and has not omitted to read the contract, by reason of the fraud or concealment of the other party. *Keller* v. *Equitable Fire Ins. Co.*, 28 Ind. 170; *Laidla* v. *Loveless*, 40 Ind. 211; *Robinson* v. *Glass, supra*.

There is nothing from which this exception can be invoked in the case before us. That an erroneous con-

struction of the force and effect of a contract of insurance, as made and stated by the soliciting agent to the applicant, does not necessarily control the proper and legal construction of the contract, has been squarely decided by the courts of this State. *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570; *Farmers Mut. Fire Ins. Assn.* v. *Kryder*, 5 Ind. App. 430.

In the former case the representation was that a rule of the company, as to the occupancy of the insured property, became a part of the policy and modified the clause in the policy rendering the insurance void if the property became vacant. This court held that the representation did not affect the clause as written in the policy.

In the latter case the representation of the agent was that the horses of the assured would be within the protection of the policy, if out of the barn, which, with its contents, was insured. The Appellate Court held that there could be no recovery under the policy and upon such representations, for horses killed by lightning when outside such barn. The holding in either case finds support upon the rule that false representations as to the legal effect of a written contract do not affect such contract. *Burt* v. *Bowles*, 69 Ind. 1; *Clodfelter* v. *Hulett*, 72 Ind. 137; *American Ins. Co.* v. *McWhorter*, *supra;* *Williamson* v. *Hitner*, 79 Ind. 233; *Indiana Ins. Co.* v. *Brehm*, 88 Ind. 578; *Fry* v. *Day*, 97 Ind. 348; *Mullen* v. *Beech Grove Driving Park*, 64 Ind. 202.

We are aware of the holding in some cases that where representations are made by an agent within the apparent scope of his authority, though not within the authority really possessed, and upon the strength of such representations a contract of insurance is induced, the companies, and not the assured, are held by such representations. It is sufficient to say that such cases are to be distinguished from this by reason of the fact that the

representation here made was not within the scope of any possible authority that the agent might have possessed. The principal could have been bound by no statement so palpably in conflict with not only the plain and ordinary meaning, but also of the legal effect of the contract.

For the error in overruling the demurrer to the first and amended fourth paragraphs of complaint, the judgment of the circuit court is reversed, with instructions to sustain said demurrer.

Filed Feb. 2, 1894.