BEQUETTE *v.* LASSELLE.

The Circuit Court overruled a motion to file two special pleas in debt on a
    promissory note; issue on *nil debet* having been joined at the preceding
    term. The motion was founded on an affidavit of defendant's attorney,
    stating that the general issue had been filed to save a default, and that
    deponent believed the cause could not be fairly tried on its merits, unless
    the special pleas or one of them were allowed. *Held*, that (admitting the
    Supreme Court to have the right of revision in such case—a point not
    decided) the motion was rightly overruled.

On the calling of a suit at law, the defendant filed a bill on the chancery
    side of the Court for an injunction, which was refused. *Held*, that the
    chancery proceedings were no part of the record of the common law suit.

The Circuit Courts have both common law and equity powers, but in exer-
    cising the different jurisdictions, they act as distinct and independent
    tribunals.

The declaration, in a suit on a promissory note, stated the note to bear date
    " on the twenty-third day of *April, one thousand* eighteen hundred and
    thirty-seven, (written *April* 23d, 1837.)" Verdict for the plaintiff. *Held*,
    that the redundant words " one thousand" were no cause for arresting the
    judgment.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—Debt on a promissory note.   Plea, general
issue.   Verdict and judgment for the plaintiff.

On the day previous to calling the cause for trial, the de-
fendant moved the Court for leave to file two special pleas,
issue having been made up on *nil debet* at the preceding term.
The motion was accompanied by an affidavit of the defen-
dant's attorney, stating that the general issue had been put in
to save a default, and that he, the attorney, believed the
cause could not be fairly tried upon its merits, unless the
additional pleas, or one of them, should be allowed. The
Court overruled the motion. This is one of the errors urged
to reverse the judgment.

Amending or adding a plea, after issue, must necessarily
depend, in a great measure, upon the discretion of the Court,
to whom the application to do so is made; and Courts of late
have been very liberal in allowing such changes in the state
of the pleadings, when justice would be thereby promoted.
Admitting this Court to possess the right of revision over the
discretionary power of the Court below—a matter which we
do not decide—we see nothing wrong in the rejection of the
additional pleas offered by the defendant. He shows no

reason why he could not have filed them in the first instance; and the evidence that they contained a meritorious defence is very unsatisfactory. To have allowed them to be filed, after an issue at the proper term of the Court, and after a continuance of the cause, would have been delaying the plaintiff unreasonably.

It appears further, that upon the calling of the cause for trial, the defendant filed a bill of injunction on the chancery side of the Circuit Court. The injunction was refused. This is another alleged error. These chancery proceedings have, strangely enough, found their way into this record. We cannot, in this common law cause, take cognizance of the conduct of the Court of chancery, and pronounce whether it was right or wrong in refusing the injunction. That decision belongs to another cause, and is as foreign from this, as if it had been made by a Court having chancery powers only. Our Circuit Courts, it is true, are invested with both common law and equity powers, but they act as distinct and independent tribunals, when exercising the different jurisdictions.

There is another objection urged against the judgment of the Circuit Court, which has as little weight as the two former. The defendant moved in arrest of judgment for a supposed defect in the declaration. The promissory note set out in the declaration is stated to bear date " on the twenty-third day of *April, one thousand* eighteen hundred and thirty-seven, (written *April* 23, 1837.)" Here is undoubtedly a blunder which has caused some redundant words, but there is no pretence for supposing it is a good reason in arrest of judgment.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*H. Cooper*, for the plaintiff.

*D. H. Colerick* and *W. H. Coombs*, for the defendant.