COOKERLY *v.* MITCHELL.

The 30th rule of the Supreme Court adhered to.

APPEAL from the *Monroe* Circuit Court.

WORDEN, J.—Suit by *Mitchell* against *Cookerly* upon a promissory note. Trial by the Court; finding and judgment for the plaintiff.

Tuesday, June 12.

No question is made in the case, except as to the sufficiency of the evidence to sustain the finding.

Counsel for the appellee make the point that the bill of exceptions does not comply with the 30th rule of this Court, by stating that the evidence set out "was all the evidence given in the cause."

On the other hand, it is insisted that the record, on its face, shows that the evidence is all contained in the bill, without the statement required by the rule. The cause was not submitted on an agreed state of facts, but, as appears by the entry of the clerk, upon an agreed statement of the witnesses. The bill of exceptions states that the note was offered in evidence, and proceeds thus: "And by agreement of parties, the following statements in writing, of *Paris C. Dunning*, *David Sheeks*, and *Ambrose B. Carlton*, were submitted as evidence in the case." Then follow the statements of the three persons named, without any statement that that was all the evidence.

In the absence of the 30th rule, this record would undoubtedly be held to contain all the evidence. But the rule was adopted to remove all uncertainty, and cut off all discussion, which frequently arose before its adoption, as to what should be deemed sufficient to show that the evidence was all in the record. It rules that the words "'this was all the evidence given in the cause,' shall be regarded as technical, and indispensable to repel the presumption of other evidence." This rule has been rigidly adhered to in this Court since it took effect, and has generally been found to answer the desired purpose, without working hardship to suitors, except, perhaps, in a few cases arising

before the rule was generally understood. We do not think there is now any necessity for relaxing the rule, or good reason for holding the present case to be an exception. Hence, we must presume that the finding was sustained by the evidence, without looking into the evidence which is set out.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Hughes*, for the appellant.

*J. L. Ketcham* and *I. Coffin*, for the appellee.