*Wednesday, June 5.*

———◦◦◦———

## CARLIN v. MARTIN.

The words, "and this was all the testimony or evidence offered in the case," are not sufficient, in a bill of exceptions purporting to set out the evidence, to repel the presumption of other evidence.

APPEAL from the *Hamilton* Circuit Court.

*Per Curiam.*—*Martin*, who was the plaintiff, sued *Carlin*, before a justice of the peace, upon a note in writing, in this form:

*Wednesday, June 5.*

"On or before the 20th of *February*, 1859, I promise to deliver to *Robert Martin*, at *Noblesville*, $75, in good lumber, at one dollar and twenty-five cents per hundred. *December* 10, 1858." Signed "R. L. CARLIN."

May Term, 1861.

Indorsement: "Paid on the within note $14. *January 28*, 1859."

The note was filed as the only cause of action. Before the justice, the plaintiff recovered judgment, from which the defendant appealed. In the Circuit Court a jury was waived and the cause tried by the Court, who found for the defendant, and having refused a new trial, rendered judgment, &c. This suit having been commenced before a justice, the note, without any averment of extraneous facts connected with the contract, was a sufficient cause of action. 4 Blackf. 174, 420; 6 *id.* 89, 91, 184. But there is a bill of exceptions which says, that the plaintiff, during the trial, gave in evidence the note with the indorsement, and avers that this "was all the testimony or evidence offered in the case." This averment must, in view of rule 30 of this Court, be held "insufficient to repel the presumption of other evidence." 4 Ind. 9; *Cookerly* v. *Mitchel*, 14 Ind. 471. It follows that the defendant's motion for a new trial was not available, because it is based upon the insufficiency of the evidence to sustain the finding of the Court, when, for aught that appears in the record, " all the evidence given in the cause is not before us."

The judgment is affirmed, with 5 per cent. damages and costs.

*J. W. Evans*, for the appellant.

*E. S. Stone*, for the appellee.