May Term, 1861.

SMITH
v.
ALLEN.

---

## SMITH *v.* ALLEN.

Objections not made in the Court below will not be considered on appeal in the Supreme Court.

After pleading to the merits and going to trial, it is too late to object to the capacity of the plaintiff to sue in his own name, he being a minor.

A charge given to the jury by the Court below will not be examined in the Supreme Court, where a new trial was not asked for on the ground that the charge was erroneous.

*Friday,
June 7.*

APPEAL from the *Wells* Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant, to recover the value of certain personal pro-. perty, brought before a justice, and appealed to the Common Pleas, in which Court there was a verdict and judgment for the plaintiff.

. The appellant assigns nine errors, none of which seem to be available. The first, second, third, seventh, eighth and ninth, relate to the sufficiency of the evidence, under the law, to sustain the verdict. There is no error assigned upon the ruling of the Court in refusing a new trial. Besides this, the bill of exceptions purporting to set out the evidence, does not contain the technical and indispensable statement, that " this was all the evidence given in the cause," as required by the thirtieth rule of this Court. *Vide, Cookerly* v. *Mitchell*, 14 Ind. 471.

On the cause being appealed to the Common Pleas, the

plaintiff, on leave obtained, amended her complaint, and declared by the name of *Mary Allen*, otherwise *Mary Helsel*. This, and the alleged variance caused thereby, constitute the fourth error assigned. No objection in this respect was made below, and it is now too late to make any objection on this ground.

The fifth error is that the plaintiff was proved to be a minor, and therefore could not maintain an action in her own name, without a next friend. This objection was made for the first time on the motion for a new trial. It was then too late. Pleading to the merits and going to trial, was a waiver of any objection on that ground, and an admission of the plaintiff's capacity to sue.

The remaining error, the sixth, is that the Court erred in the charges given to the jury. We shall not examine the charges given, as a new trial was not asked on the ground that erroneous charges had been given. *Kent* v. *Lawson*, 12 Ind. 675.

*Per Curiam.*—The judgment is affirmed, with costs, and 5 per cent. damages.

*E. R. Wilson*, for the appellant.