May Term,
1861.

COCHRAN
v.
DODD.

◄─◄─●─►─►

COCHRAN *v.* DODD.

Suit to recover for the use and occupation of land. The defendant filed an affidavit, in the nature of a complaint for an injunction, praying that the suit might be enjoined until the determination of a certain other suit involving the title to the land.

*Semble,* that the proceedings on the application for an injunction did not constitute any part of the record of the suit for use and occupation.

An affidavit for a continuance constitutes no part of the record, unless made so by a bill of exceptions.

The land, for the use and occupation of which an action was brought, was described in the complaint as situated in *H.* township, of *S.* county. The witnesses did not state where the land, concerning the use of which they testified, was situated, but spoke of it as the plaintiff's land, &c.

*Held*, that the evidence of identity was *prima facie* sufficient, and devolved upon the defendant the burden of showing that the lands were different.

May Term, 1861.

COCHRAN
v.
DODD.

Monday, June 17.

APPEAL from the *Johnson* Common Pleas.

WORDEN, J.—This was an action by *Dodd* against *Cochran*, to recover for the use and occupation of certain land. The suit was commenced in *Shelby*, and taken by change of venue to *Johnson*, county; the change having been granted on the application of the defendant, before filing his answer. After the change, the defendant filed, in the *Johnson* Court, an affidavit, or, as it might perhaps be regarded, a complaint for an injunction, setting up certain facts in relation to the title to the land, for the use and occupation of which the suit was brought, and praying that the plaintiff might be enjoined from prosecuting this suit, until a certain other action, brought to quiet or settle the title to the land, should be determined. An answer was filed by *Dodd* to this complaint for an injunction. *Cochran* then moved, on affidavit filed, for a continuance of the cause, and the hearing of the application for the injunction, which motion was overruled, and exception taken. Afterward, the application for an injunction having been called for trial, the attorney of *Cochran* moved, on his affidavit, for the post-ponement of the hearing, which motion was also overruled. And thereupon the Court dismissed the application, on the ground that *Cochran* failed to produce any proof in support thereof.

The defendant having been ruled to answer in the principal cause, and the rule having expired, the attorney of the defendant, on his affidavit, moved for an extension of the rule and the continuance of the cause, but his motion was overruled. Thereupon, judgment was taken against the defendant for want of an answer. The Court, upon testimony heard, assessed the plaintiff's damages.

The defendant moved for a new trial for various reasons, but the motion was overruled, and he excepted. A motion in arrest of judgment was also made, and overruled.

Numerous errors are assigned, but most of the questions discussed do not legitimately arise in the record. The proceedings on the application for the injunction, probably do not constitute any part of this record. *Bequette* v. *Lasselle*,

5 Blackf. 443. But supposing they be regarded as part of the record in this case, the several affidavits for a continuance and postponement, are of themselves no part of the record, and they are not made so by a bill of exceptions; hence, no question is presented as to the rulings of the Court upon motions based upon these affidavits. We see no error in the record, up to the default taken against the defendant. The defendant having been ruled to answer, and having failed to file his answer within the time prescribed, the default was entirely proper. Code, § 69.

Supposing the motion for a new trial to be equivalent to a motion to set aside the assessment of damages, we think the motion was properly overruled. The evidence offered on the assessment is set out in a bill of exceptions. The land, for the use of which the suit was brought, is described in the complaint as being in *Hendricks* township, in *Shelby* county. The objection to the evidence is, that the witnesses have not described the land, concerning the rents and profits, and use of which by the defendant they testified, as being in the township and county named. The witnesses did not state the township and county where the land lies, concerning which they testified, and there is nothing in the testimony inconsistent with the supposition that it lies in the township and county named. The witnesses speak of the land about which they testified as being *Dodd's* land. One of them says he knew the line of *Dodd's* land; saw the corners set off to him. We think the evidence of identity *prima facie* sufficient. If the land described by the witnesses, and that mentioned in the complaint, were really different lands, it might easily have been shown by the defendant, and we think, in view of the *prima facie* case made, it devolved upon him to do so, as he was present by his attorney, resisting the assessment.

*Per Curiam.*—The judgment is affirmed, with costs, and 3 per cent. damages.

*T. W. Woollen*, for the appellant.

*W. Wallace* and *B. Harrison*, for the appellee.