No. 8611.

BRATTON *v.* BRATTON.

PRACTICE.—*Summons.—Service.—Continuance.—Divorce.*—A failure to serve the summons under section 13 of the act concerning divorces, ten days before the first day of the term of court, is no cause for setting aside the service or quashing the writ, but merely a cause for a continuance of the case.

SAME.—*Continuance.—New Trial.*—The refusal of the court to grant a continuance must be assigned as a cause for a new trial, to present any question thereon in the Supreme Court.

From the Boone Circuit Court.

*P. S. Kennedy* and *W. T. Brush*, for appellant.

*C. S. Wesner*, for appellee.

NIBLACK, J.—Suit by Eliza W. Bratton against her husband, John N. Bratton, for divorce, alleging cruel and inhu-- man treatment and abandonment.

On the day on which the summons was made returnable, the defendant entered a special appearance, and moved to set aside the service of and quash the summons, but his motion

was overruled. He then moved for a continuance of the cause, but that motion was also denied. For some cause, however, not explained by anything contained in the record, the cause was afterwards continued until another term.

At the hearing the court made a finding for the plaintiff, and, over a motion for a new trial, entered a decree for a divorce, allowing the plaintiff a small sum of money for alimony.

The first question made here is upon the refusal of the court to set aside the service of the summons and to quash the writ.

The record does not show upon what alleged state of facts that motion was based. If, as stated in the appellant's brief, it was because the summons was not served ten days before the first day of the term of court, as was required by section 13 of the act concerning divorces, then supposed to be in force, that was a cause for a continuance merely, provided that objection was well taken, a question we need not now decide.

The next question made here is upon the overruling of the motion for a new trial.

The refusal of the court to grant a continuance was not assigned as a cause for a new trial. Consequently, no question upon that refusal arises in this court. Besides, there is nothing to show that the appellant was injured by the denial of his motion, as the cause was afterwards continued until another term.

It is insisted that the finding of the court was not sustained by sufficient evidence.

The evidence did not make out a strong case for a divorce, and we are inclined to the opinion that the court might, with propriety, have refused to divorce the parties upon it. But there was evidence tending to sustain some of the most material allegations in the complaint, and, upon a full examination of all the evidence, we have come to the conclusion that the judgment below ought to be affirmed.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.