Swan *v.* Clark, Guardian, *et al.*

No. 8704.

## SWAN *v.* CLARK, GUARDIAN, ET AL.

| 80 | 57 |
| 134 | 132 |
| 80 | 57 |
| 141 | 539 |

LANDLORD AND TENANT.—*Lease.*—*Statute of Frauds.*—A parol lease for an indefinite time, with possession under it, is a tenancy from year to year, and the contract is not within the statute of frauds.

VERDICT.—*Interrogatories to Jury.*—*Practice.*—The court may properly require the jury to answer special questions of fact which are pertinent and may control the form of such questions.

SUPREME COURT.—*Practice.*—*Bill of Exceptions.*—No question can be made in the Supreme Court as to the ruling of the lower court on motions to amend pleadings or for continuance made on affidavits, where the affidavits are not in the record by bill of exceptions.

SAME.—*Exceptions.*—The admission of evidence can not be questioned in the Supreme Court unless exception was taken to the ruling.

INSTRUCTIONS TO JURY.—Instructions applicable to the evidence and as favorable to the party complaining of them as the law will admit, are not available error.

From the Jasper Circuit Court.

*R. S. Dwiggins, Z. Dwiggins, D. E. Straight* and *U. Z. Wiley*, for appellant.

*S. P. Thompson, D. J. Thompson, M. H. Walker* and —— *Smith,* for appellees.

BICKNELL, C. C.—The appellees brought this suit against the appellant, upon a written lease for five years of a quarter section of land, claiming that the appellant had not fulfilled his covenants, one of which was to "plant an osage orange hedge fence around the whole tract sufficient to turn cattle, horses, mules and asses." The first two paragraphs of the amended complaint stated the written contract; the other two stated occupation by consent of appellees under a parol contract. Demurrers to each of the paragraphs for insufficiency of facts, etc., were overruled.

The appellant in his brief admits that the first and second paragraphs were good, but claims that the third and fourth were bad, because they state a contract not to be performed within a year. Both these paragraphs state that the appellant took possession by consent of the appellees for an indefinite time; they, therefore, allege a "general tenancy." *Brown's Adm'rs* v. *Bragg*, 22 Ind. 122.

All "general tenancies" are deemed to be tenancies from year to year. 2 R. S. 1876, p. 338, section 2 ; *Burbank* v. *Dyer*, 54 Ind. 392; *Ross* v. *Schneider*, 30 Ind. 423. A parol tenancy from year to year for an indefinite period is, with reference to its extent, a lease for a year certain, and no more. *Schmitz* v. *Lauferty*, 29 Ind. 400. The demurrers to the third and fourth paragraphs of the complaint were, therefore, properly overruled.

The appellant answered in several paragraphs. The principal questions arise upon the general denial, and a special defence, denying, under oath, the execution of the contract set forth in the complaint, and alleging that the true contract had been changed since its execution, without the appellant's knowledge or consent, by striking out the word " or " between

the words "hedge" and "fence," so as to require "an osage orange hedge fence around the whole tract," instead of "an osage orange hedge or fence around the whole tract."

Several of the answers were demurred to, and the appellees assign cross errors upon the overruling of such demurrers, but it will not be necessary to consider the cross errors.

The appellees replied in denial of the special defences.

The issues were tried by a jury, who returned a verdict and answers to interrogatories as follows: "We, the jury, find for the plaintiffs, and assess their damages at $576.

"Question 1. Did the defendant, by himself and tenants, occupy and farm the northeast quarter of section 21, of township 26, range seven, in Benton county, Indiana, from March 1st, 1872, to March 1st, 1877, under a written lease, made on February 24th, 1872, between Campbell P. Clark, guardian of the minor heirs of Lindsay McMullen, deceased, and the defendant, John W. Swan? Answer. Yes.

"Question 2. Is the exhibit filed with the first and second paragraphs of the plaintiffs' complaint a correct copy of said lease as executed by said parties? Answer. Yes.

"Question 3. Is the exhibit filed with the sixth paragraph of the defendant's answer, and copied in the fourth paragraph of his answer, a correct copy of said lease as executed by said parties? Answer. No.

"Question 4. When said contract was executed, did it contain the word 'or' between the words 'hedge' and 'fence'? Answer. No.

"Question 5. If question 4 is answered in the affirmative, the jury will state whether said word 'or' was erased with the knowledge or consent of Campbell P. Clark, or the present plaintiffs, or with the knowledge or consent of the defendant? Answer. The word 'or' was not in the original contract.

"Question 6. Did the defendant, during the occupancy of said land by himself and tenants, between March 1st, 1872, and March 1st, 1877, plant an osage orange hedge fence around said

land, sufficient to turn cattle, horses, mules and asses? An-
swer. No.

"Question 7. If question 6 is answered in the negative, the
jury will state what an osage orange hedge fence around said
land sufficient to turn cattle, horses, mules, and asses, would
have been worth on March 1st, 1877, had the same been
around said land? Answer. $960.

"Question 8. If question 6 is answered in the negative, the
jury will state what kind of an osage orange hedge fence was
around or partially around said land on March 1st, 1877, and
whether the same was sufficient to turn cattle, horses, mules and
asses? Answer. A partial fence of osage orange, partly around
said land, only a small portion of which would turn cattle,
horses, mules and asses, and not worth more than forty per cent
of the estimated value according to answer to question 7.

"Question 9. The jury will state the value on March 1st,
1877, of the fence described in their answer to question 8?
Answer. $384.

"Question 10. Did the defendant comply with said written
contract, or with the same as afterwards modified, respecting
the sowing of timothy and clover on said land, and if not, in
what respect did he fail? The jury will state what modifica-
tion, if any, of said contract was made respecting the timothy
and clover? Answer. The defendant complied with the con-
tract as modified, which modification released defendant from
sowing timothy and clover on more than about seventeen acres.

"Question 11. If the jury state in answer to question 10,
that there was a failure on the part of the defendant respect-
ing the sowing of clover and timothy seed, they will state
what damages the plaintiffs have sustained by reason of such
failure. Answer. The plaintiffs sustained no damage on ac-
count of the modification of said contract.

"Question 12. Has there been any settlement between the
plaintiff Clark and the defendant in relation to the osage
orange hedge fence? If so, how did they settle the same?
and has the defendant complied with the terms of said settle-

Swan v. Clark, Guardian, et al.

ment as to said hedge fence? Answer. There was no settlement."

The defendant moved for a new trial for the following causes, to wit:

1. The court erred in permitting the plaintiffs to amend their complaint after issues joined.

2. The court erred in overruling defendant's motion for a continuance.

3. The court erred in permitting the plaintiffs to introduce evidence of the value of the rents of said land, for the years 1873, 1874, 1875 and 1876, over the objection of the defendant.

4. The court erred in giving to the jury, at the request of the plaintiff, instructions one, three, four, five, six and seven, and in giving each of said instructions.

5. The court erred in giving to the jury, of its own motion, instructions from one to six, inclusive, and in giving each of said instructions.

6. The court erred in addressing interrogatories Nos. 5, 6, 7, 8, 9 and 12 to the jury, and in requiring the jury to answer the same.

7. The verdict is not sustained by sufficient evidence.

8. The verdict is contrary to law.

9. The verdict is contrary to the evidence.

10. The damages assessed are excessive.

11. The verdict of the jury is inconsistent with the answers of the jury to the interrogatories.

The motion for a new trial was overruled. The defendant's motion in arrest of judgment was overruled, and judgment was rendered upon the verdict. The defendant appealed. He assigns errors as follows:

1. In overruling the demurrers to each paragraph of the complaint.

2. In giving instructions Nos. 1, 3, 4, 5, 6 and 7, asked for by the plaintiff, and in giving each of them.

3. In giving each of the instructions Nos. 1, 2, 3, 4, 5 and 6, of the court's own motion.

4. In overruling the appellant's motion for a new trial.

5. In overruling the appellant's motion in arrest of judgment.

The fifth error assigned is not alluded to in the appellant's brief, and is therefore regarded as waived.

The second and third errors assigned belong properly to the motion for a new trial and are assigned as causes for a new trial. *Berlin* v. *Oglesbee,* 65 Ind. 308 ; *Kent* v. *Lawson,* 12 Ind. 675 ; *Smith* v. *Allen,* 16 Ind. 316.

The first error assigned has already been considered.

The fourth error assigned is overruling the motion for a new trial.

The seventh, eighth, ninth, tenth and eleventh causes for a new trial call in question the sufficiency of the evidence to support the verdict. The appellant, in his brief, says upon these causes, " We will simply say that we think the evidence that the word ' or ' was in the contract when it was executed, is overwhelming." There was, however, evidence tending to support the verdict, and when that is the case, this court will not set the verdict aside upon the evidence. *Cosby* v. *Anderson,* 74 Ind. 600.

The third cause for a new trial is not sustained by any exception ; therefore, it presents no question for consideration.

As to the first and second causes for a new trial, the affidavits in reference to the amendment of the complaint, and the refusal to grant a continuance are not of themselves parts of the record, and they are not made so by a bill of exceptions ; hence, no question is presented in reference thereto. *Cochran* v. *Dodd,* 16 Ind. 476 ; *Blizzard* v. *Phebus,* 35 Ind. 284.

The fourth and fifth causes for a new trial allege error in the instructions given by the court of its own motion, and in the instructions given by the court at the request of the appellees. There is no error in any of these instructions of which the appellant can justly complain. The appellant's objection that the instructions were not warranted by the testimony, can not be sustained ; they were as favorable for the appellant as

he could reasonably expect.    The only remaining cause for a new trial is the sixth, which is an objection to the interrogatories Nos. 5, 6, 7, 8, 9 and 12.    No objection appears to have been made to these interrogatories when they were propounded, nor to the answers thereto when they were returned.    The court may control the form of such questions, and the manner of propounding them, and need not require them to be answered in the form prepared by counsel.    *Allen* v. *Davison,* 16 Ind. 416.    The court committed no error in this respect; the interrogatories were warranted by the evidence, and the answers thereto sustained the general verdict.    The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed at the costs of the appellant.