BINFORD *v.* BRUSO ET AL.

[No. 3,167.   Filed June 13, 1899.]

</div>

PLEADING. — *Answer of Non Est Factum.*—An answer to a complaint for damages for the alleged breach of a written rental contract, alleging that lessee was unable to read the contract himself, and that lessor pretended to read same to him, but falsely and fraudulently suppressed a part thereof, is not sufficient as a special answer of *non est factum*, as it does not show that lessor occupied such a position of trust or confidence as entitled lessee to rely upon

his representations, nor that lessee was in such a situation that he was compelled to accept the reading of the adverse party.

From the Montgomery Circuit Court. *Reversed.*

*Ira M. Sharp, M. E. Clodfelter* and *H. N. Fine,* for appellant.

*M. D. White, W. M. Reeves, R. P. Carpenter, B. Crane* and *A. B. Anderson,* for appellees.

HENLEY, J.—This cause was transferred to this court by the Supreme Court, in which last named court it was numbered 18,637. It was brought by appellant against appellees to recover damages for the alleged breach of a written rental contract. Judgment in the sum of $300 was demanded. Appellees' counsel have not favored us with a brief upon the question presented by the record. The only question presented by counsel for appellant relates to the action of the lower court in overruling appellant's demurrer to the third paragraph of the separate answer of appellee Bruso. In this paragraph of answer, appellee Bruso admits that he rented appellant's farm for one year, and that he signed the contract, which appellant read over to him before he signed it, but says that he was unable himself to read the contract, and that appellant represented the writing to contain only their agreement as they had entered into prior to the preparation of the written contract by appellant, and that appellee relying upon said representations so made by appellant signed said paper. It is further alleged that appellant when he pretended to read said contract to appellee falsely and fraudulently suppressed and did not read to appellee a part of said contract, which imposed certain duties upon appellee, for the breach of which damages are asked, which duties appellee had never in any manner assumed. Appellee avers that he has faithfully performed all and singular the obligations imposed upon him by the contract as read to him by appellant.

The demurrer to the answer admits that the material facts averred therein are true. The answer is verified, and we must conclude that the pleader intended it as a special *non est factum.* As a special answer of *non est factum,* the facts alleged are not sufficient. The answer wholly fails to show that appellee was free from laches and negligence upon his part. In the case of *Lindley* v. *Hofman, ante,* 237, this court said: "It will be observed in all the cases cited, where this general rule has been under discussion, the decisions have been grounded upon two basic propositions: (1) That the execution of the instrument must have been procured by fraud, deceit, and misrepresentation; and (2) that the party executing it must have been free from negligence in affixing his signature thereto. It is not enough that he executes the instrument when he thought and believed that he was executing an entirely different one, but he must be induced to execute it by fraud, deceit, etc., and he must be free from laches and negligence upon his part. If he can read, he must read it for himself. If he cannot read, he must have some one upon whom he can rely read it to him, if that is possible; for as a general rule, as we shall presently show, he has no right to rely upon the adverse party to read it to him." *Robinson* v. *Glass,* 94 Ind. 211.

This answer does not aver that appellant occupied toward appellee such a postition of trust or confidence as entitled appellee to rely upon his representations. It does not show that appellee was in such a situation that he was compelled to accept the reading of the adverse party. Under the ruling of this court in *Lindley* v. *Hofman, supra,* the third paragraph of answer was insufficient, and the demurrer thereto ought to have been sustained. Judgment reversed, with instructions to the court below to sustain the demurrer to the third paragraph of the separate answer of Francis Bruso.