**Leland ROBERTS d/b/a Roberts Farms, Appellant– Defendant,**

v.

**AGRICREDIT ACCEPTANCE CORPORATION, Appellee– Plaintiff.**

No. 33A04–0106–CV–235.

Court of Appeals of Indiana.

March 13, 2002.

Martin R. Shields, Yergin Shields & Witham, New Castle, IN, Attorney for Appellant.

David R. Krebs, Hostetler & Kowalik, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Leland Roberts d/b/a Roberts Farms ("Roberts") appeals the trial court's entry of summary judgment raising the following issue for our review: whether the trial court erred in granting Agricredit Acceptance Corporation's ("Agricredit") motion for summary judgment when Roberts was allegedly fraudulently induced to enter into the documents eventually assigned to Agricredit, subjecting Agricredit to the fraud defense contained in Indiana Code section 26–1–3.1–305.

We affirm.

### Facts and Procedural History

The facts most favorable to the judgment reveal that Roberts was in the farming and construction business. It is unclear from the record whether he continues these endeavors. During his operation of these businesses, Roberts purchased and traded farm and construction equipment, tools, and supplies from and with Sulphur Implement Corporation ("Sulphur"). In 1996, Roberts and Sulphur executed a Lease Agreement, an Additional Terms and Conditions sheet, a Leased Equipment Addendum, and a Leased Agreement Purchase Option Supplement (hereafter known collectively as "the Lease Agreement"). Although Roberts acknowledges his signature on each of the documents, Roberts executed all of these documents in blank. Appellant's App. p. 53.

As part of its business practices, Sulphur would sell its commercial paper,

which included commercial paper involved in its transactions with Roberts, to Agricredit, a commercial lending institution with its principal place of business in Des Moines, Iowa. Agricredit is authorized to conduct business in the State of Indiana. On July 19, 1996, Sulphur assigned the Lease Agreement to Agricredit for value. Subsequent to the assignment, Agricredit received Lease Agreement payments, pursuant to the terms and conditions of its recourse agreement with Sulphur.[1] However, Agricredit did not receive its January 1, 1999 payment, and instituted default proceedings.

Also in accordance with its recourse agreement with Sulphur, Agricredit sought to recover against Sulphur for the missed payment, but discovered that Sulphur had filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. As a result of the bankruptcy proceeding, Agricredit could not collect under its recourse agreement with Sulphur, and proceeded against Roberts for default. Roberts disputed liability, forcing Agricredit to file suit against Roberts.

On July 31, 2000, Agricredit filed a Motion for Summary Judgment asserting holder in due course status under a valid assignment. Roberts responded to Agricredit's Motion on September 18, 2000, asserting a defense of fraud under Indiana Code section 26–1–3.1–305. After hearing oral argument, the trial court determined that Roberts' fraud defense failed as a matter of law, that there were no genuine issues of material fact, and that Agricredit was entitled to judgment as a matter of law. Roberts now appeals. Additional facts will be provided as necessary.

## Standard of Review

It is well settled that when reviewing the grant of a motion for summary judgment the appellate court utilizes the same standard as the trial court: whether the evidence shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Eichenberger v. Eichenberger*, 743 N.E.2d 370, 374 (Ind.Ct.App. 2001). The reviewing court faces the same issues that were before the trial court and analyzes them in the same way. *Eichenberger*, 743 N.E.2d at 374 (citing *Ind. Dep't of Envtl. Mgmt. v. Med. Disposal Servs., Inc.*, 729 N.E.2d 577, 579 (Ind.2000)). Although the nonmovant has the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not denied his day in court. *Id.*

## Discussion and Decision

While Roberts does not deny the execution of the Lease Agreement, he argues that he executed the Lease Agreement upon the express condition that its subject would be new farm and construction equipment. Specifically, Roberts claims that the farm and construction equipment listed in the Lease Agreement was of such poor quality and age, that had he known it was to be the subject of the Lease Agreement, he never would have executed the Lease Agreement in blank. Roberts argues that he never granted Sulphur the authority to complete the Lease Agreement to apply to the equipment Roberts received, and that

1. Although the record is unclear, it appears from the transcript that pursuant to the terms of the recourse agreement, Roberts made payments directly to Sulphur, who in turn would pay Agricredit in accordance with the Lease Agreement terms. Tr. p. 2. According to the terms of the Lease Agreement, Roberts agreed to pay the rental price in four equal annual installments payable in advance on the first day of January, commencing January 1, 1997. Appellant's App. p. 13. Roberts disputes that he made any of these payments to either Sulphur or Agricredit. Br. of Appellant at 5.

because Sulphur acted without his authority, its actions amounted to fraud.

Roberts does not dispute the assignment of the Lease Agreement to Agricredit or that Agricredit was a holder in due course; he merely asserts that as a holder in due course, Agricredit is subject to the defenses of Indiana Code section 26–1–3.1–305, in the instant case 26–1–3.1–305(a), and is therefore precluded from enforcing Roberts' obligation under the Lease Agreement because of Sulphur's fraudulent actions.

Indiana Code section 26–1–3.1–305(a) provides in relevant part:

(a) Except as stated in subsection (b), the right to enforce the obligation of a party to pay an instrument is subject to the following:

(1) a defense of the obligor based on:
. . .

(C) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms; . . . .

Ind.Code § 26–1–3.1–305(a)(1)(C) (1998).

■ When considering the issue of fraud, we focus on the element of the obligor's reliance, in two distinct parts: the *fact* of reliance and the *right* of reliance. *Plymale v. Upright*, 419 N.E.2d 756, 761 (Ind.Ct.App.1981). Regarding the fact of reliance, our supreme court has previously stated:

[w]hen both parties are dealing at arm's length and one party, in spite of the facts well known to him, deliberately ignores such facts and chooses to believe statements to the contrary, he closes his eyes to the truth and deliberately takes a chance. It then cannot be said that he was injured in law. All that can be said is that he gambled and lost.

*Id.* (citing *Sec. Trust Co. v. O'Hair*, 103 Ind.App. 56, 61, 197 N.E. 694 (1935)). The Lease Agreement at issue was executed in 1996. According to Roberts' testimony, he only had the right to use the leased equipment, which was stored on Sulphur's site, pursuant to the Lease Agreement, following its execution.[2] Appellant's App. p. 3. He alleges that he contested the condition of the equipment, but he did not seek to modify the contract terms, or rescind the contract and enter into a new one. The dispute did not arise until Agricredit sought recourse against Roberts.

■ The *right* of reliance is far more difficult to determine, as it is bound up in the duty of individuals to be diligent in safeguarding their interests. It is well settled that, "[a] man who can read and does not read an instrument which he signs is, as a general rule, guilty of negligence." *Robinson v. Glass*, 94 Ind. 211, 212, 1884 WL 5217 (1883). Moreover,

it is also settled that where persons stand mentally on equal footing, and in no fiduciary relation, the law will not protect one who fails to exercise common sense and judgment.

Common sense dictates, and our system of jurisprudence requires the application of a principle, that parties engaged in the negotiation of a contract or the sale and purchase of property be obligated to protect their interest by reading the attendant documents before signing.

*Plymale*, 419 N.E.2d at 762 (citation omitted).

■ Based on the record before us on appeal, it is clear that although Roberts may have initially relied on the alleged representations of Sulphur, Roberts had no right to rely on them, and failed to clearly contest Sulphur's provision of equipment at issue pursuant to the Lease

---

2. Contrary to Roberts' testimony, according to the terms of the Lease Agreement, the leased equipment was to be maintained at Roberts' address. Appellant's App. p. 57.

Agreement. Therefore, Roberts' fraud claim must fail as a matter of law. *Plymale*, 419 N.E.2d at 762, *see also Ill. Valley Acceptance Corp. v. Woodard*, 159 Ind. App. 50, 58, 304 N.E.2d 859, 865 (1973).

Roberts and Sulphur enjoyed an extensive working relationship, beginning sometime prior to 1990, for the purchase and sale of farm and construction equipment. According to the testimony of the parties, this mutually beneficial relationship continued for years without incident. Br. of Appellant at 13–14. Presumably, each transaction between Roberts and Sulphur involved the signing of lease documents, and although the current appeal involves signatures in blank, Roberts argues that there is no history of signing documents in such a manner. *Id.* at 13. Roberts simply failed to read the Lease Agreement prior to signing, and the law will not protect him for his failure to exercise his own common sense and judgment. *Plymale*, 419 N.E.2d at 762. Also, because this is not the first transaction involving these parties, Roberts could not have been totally ignorant of the Lease Agreement's contents. After a six-year business relationship with Sulphur, Roberts was certainly not without knowledge and had a reasonable opportunity to learn of the character or essential terms of the Lease Agreement. Therefore, his fraud claim must fail as a matter of law. *Id.*

Because Agricredit was a holder in due course not subject to any valid defense in Indiana Code section 26–1–3.1–305(a), we find that the trial court did not err in granting Agricredit's motion for summary judgment.

Affirmed.

BROOK, C.J., and RILEY, J., concur.